## JUAN GARNICA V. THE STATE.

No. 9978. Delivered November 10, 1926.

Rehearing denied January 19, 1927.

**1.—Murder—Verdict of Jury—Fixing Punishment—Held Valid.**

Where, on a trial for murder, the jury returned a verdict of guilty, and fixed the term of punishment at five years and one day, such verdict is held valid. The jury, within their discretion, have the authority to fix the punishment within the maximum and minimum terms of the statute, including fractional parts of a year, as well as embracing full and complete years.

ON REHEARING.

**2.—Same—Evidence—Held Sufficient.**

On rehearing appellant insists that the evidence is not sufficient to sustain the conviction. We cannot agree with his contention. While wholly circumstantial, the testimony of various witnesses connects appellant with other parties supposed to have acted with him, and points to his guilt with that degree of certainty required by our law, and the motion for rehearing is overruled.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction for murder, penalty five years and one day in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Ninety-fourth District Court of Bexar County of the offense of murder, and his punishment assessed at five years and one day in the penitentiary.

It was the contention of the state that on or about the 13th day of October, 1923, the appellant Remigio Casanova, Domingo Garcia and Jim McGee murdered Teodoro Lerma, an aged Mexican, by shooting him with a pistol, and robbed him of his money, all of which occurred at night and in the house of deceased. It was the contention of the appellant that he was not with the parties named above at the time and place alleged in the indictment and knew nothing of said transaction.

The record contains three bills of exception. Bill No. 1 merely sets out the appellant's motion for a new trial. There is no error shown in this bill.

The second bill complains of the refusal of the court to instruct a verdict of not guilty, and is based upon the alleged insufficiency of the evidence to sustain the verdict and judgment. We find no merit in this contention.

In the third bill of exception (numbered "5") complaint is urged to the refusal of the court to grant a new trial because of the alleged illegality of the verdict of the jury, the contention being based upon the fact that the punishment assessed was for five years and a day in the penitentiary, and "not for any term of years not less than five, as provided by statute." If we grasp the contention made in this bill by counsel for appellant, the complaint is to the effect that by reason of the action of the jury in adding a day to the five years, the verdict is thereby rendered void, because the statute prescribing this penalty contemplates that the punishment shall be in years and not in days. Counsel representing appellant have cited us to no authority in support of this contention, and we are frank to confess that we know of none upholding this proposition. After a careful examination of the record, we have reached the conclusion that there is no merit in this contention, and that the jury, in their discretion, would have the authority to assess the punishment within the maximum and minimum terms of said statute, including fractional parts of a year as well as embracing full and complete years.

Having examined this record carefully, and finding no reversible error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the evidence is not sufficient to show him guilty of the offense charged. We have examined the entire testimony and are unable to agree. The very positive testimony of various witnesses connects appellant with other parties supposed to have acted with him in the commission of the offense. The circumstances very strongly point toward appellant and said other parties as those who committed the offense.

The motion for rehearing will be overruled.

*Overruled.*